**THE PEOPLE OF THE STATE OF NEW YORK**, Respondent, v HOWARD WALLACE, Appellant. [672 NYS2d 691] —Judgment, Supreme Court, New York County (Howard Bell, J.), rendered December 20, 1994, convicting defendant, after a jury trial, of

murder in the second degree and five counts of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life on the murder conviction, to run consecutively with five consecutive terms of 12 years to life on the robbery convictions, unanimously reversed, on the law, and the matter remanded for a new trial.

The hearing court properly denied defendant's motion to suppress physical evidence, identification testimony and statements. Defendant's contention pursuant to *Payton v New York* (442 US 573) was not preserved for appellate review, and we decline to review it in the interest of justice. Were we to review this claim, we would find it to be without merit, since the record establishes that the warrantless arrest of defendant in the hallway of his apartment building was lawful. First, defendant had no legitimate expectation of privacy in the hallway (*People v Coppin*, 202 AD2d 279, 280, *lv denied* 83 NY2d 966). Moreover, the fact that officers utilized a non-threatening ruse to lure defendant outside of his doorway to see his parole officer, a routine that was familiar to defendant, "has no bearing on the voluntary nature of his exit" from the apartment (*supra,* at 280).

Testimony properly credited by the motion court established that the officers' entry into defendant's apartment was justified by an exigent circumstance, namely the need to assist defendant's wife, who had fainted at the doorway. Moreover, the officers were entitled, for their own protection, to watch defendant as he was allowed to go back inside to put on more clothes (*see, People v Febus*, 157 AD2d 380, 383-384, *appeal dismissed* 77 NY2d 835).

The totality of the circumstances indicates that defendant's wife and brother-in-law voluntarily consented to a search of the apartment (*see, People v Gonzalez*, 39 NY2d 122) and that the confessions obtained from defendant by detectives at the precinct were voluntary (*People v Anderson*, 42 NY2d 35).

However, as the People concede, we are constrained to reverse (*People v Page*, 88 NY2d 1) because the trial court did not obtain defendant's written consent before replacing a deliberating juror. Accordingly, we remand the matter for a new trial. Concur—Rosenberger, J. P., Ellerin, Wallach, Williams and Saxe, JJ.