124

■ In the Matter of DONALD C., Appellant, v MICHELLE T., Respondent. [679 NYS2d 290] —Order, Family Court, New York County (Leah Marks, J.), entered on or about November 22, 1996, which denied petitioner's application for visitation with his 11-year-old daughter, and dismissed the petition, unanimously affirmed, without costs.

The presumption that visitation would be in the child's best interest was rebutted by evidence that petitioner has not seen the child since she was a few months old, has spoken with her on the telephone only half a dozen times, has threatened her mother, and that the child would have to travel five hours by bus with a stranger to visit petitioner in prison. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MOHAMMED CHOHAN, Also Known as MOHAMMED CHOHEN, Appellant. [679 NYS2d 10] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered April 10, 1996, convicting defendant, after a jury trial, of grand larceny in the third degree and six counts of offering a false instrument for filing in the first degree, and sentencing him to a term of $2^1/_3$ to 7 years concurrent with six concurrent terms of $1^1/_3$ to 4 years, unanimously affirmed.

Defendant's claim that the People failed to establish venue with respect to two counts of offering a false instrument for filing in the first degree is unpreserved and we decline to review it in the interest of justice. Venue is not an essential element of the crimes charged (*see, People v Moore*, 46 NY2d 1), and we reject defendant's argument that the court's references to New York County during its charge transformed venue into an element, thereby requiring proof beyond a reasonable doubt. In any event, venue was properly established (*see*, CPL 20.40 [2] [c]; [4] [k]).

The court properly denied defendant's challenge for cause. The record supports the court's ruling that the prospective juror's ability to communicate in the English language was sufficient.

We perceive no abuse of sentencing discretion. Concur—Milonas, J. P., Rosenberger, Ellerin and Rubin, JJ.