■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEARCO HILL, Appellant. [697 NYS2d 884] —Judgment unanimously affirmed. Memorandum: We reject defendant's contention that County Court did not adequately instruct the jury concerning the proof of intent required to support a conviction of robbery in the first degree based on accessorial liability (*see, People v Slacks,* 90 NY2d 850, 851). Likewise without merit is defendant's contention that the court did not adequately sanction the People for their *Rosario* violation. The record establishes that the police officer who interviewed defendant made notes of that interview and used them in conjunction with preparing his report. The People concede that the officer's destruction of those notes constituted a *Rosario* violation (*see, People v Ranghelle,* 69 NY2d 56, 59). Where *Rosario* material is destroyed "and defendant is prejudiced [thereby] * * * the court must impose an appropriate sanction" (*People v Martinez,* 71 NY2d 937, 940). Based on that violation, the court permitted defense counsel to cross-examine the police officer concerning the destruction of his notes and to comment on the destruction on summation. In addition, the court instructed the jury that "[t]he law does permit, but does not require, that you may infer" from the officer's destruction of the notes that there were other materials in them. Under the circumstances of this case, we conclude that the court's sanction did not constitute an abuse of discretion (*see, People v Frazier,* 233 AD2d 896, 897-898; *see generally, People v Collins,* 203 AD2d 888, 888-889, *lv denied* 84 NY2d 934, 85 NY2d 861; *People v Torres,* 179 AD2d 696, 697, *lv denied* 79 NY2d 1008).

Defendant further contends that the court erred in failing to grant his CPL 330.30 motion on the ground that the People did not provide defense counsel with a report indicating that the victim's wife was unable to identify from a photo array one of the other alleged participants in the robbery and murder. He asserts that the People's failure to provide him with that *Rosario* material before the conclusion of the trial mandates

reversal. We disagree. Because the report did not relate to the subject matter of the witness's trial testimony, the People's failure to provide the report to defense counsel did not constitute a *Rosario* violation (*see, People v Melendez*, 149 AD2d 918, 919). Because the court was able to decide the motion based on the papers before it, the court did not err in failing to conduct a hearing (*see, People v Johnson*, 208 AD2d 562, 563, *lv denied* 84 NY2d 937). We have reviewed defendant's remaining contention and conclude that it is without merit. (Appeal from Judgment of Monroe County Court, Egan, J.—Murder, 2nd Degree.) Present—Lawton, J. P., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.