Appeal from a judgment of Niagara County Court (Broderick, Sr., J.), entered November 22, 2000, convicting defendant after a jury trial of, inter alia, robbery in the first degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him following a jury trial of, inter alia, robbery in the first degree (Penal Law § 160.15 [3]), defendant contends that the prosecutor improperly elicited testimony regarding a witness’s pretrial photo identification of defendant. County Court sustained defense counsel’s objections to the prosecutor’s questions and instructed the jury to disregard the questions and the partial responses to them. Defendant did not thereafter request further curative instructions or move for a mistrial and thus failed to preserve for our review his present contention that the prosecutor’s conduct deprived him of a fair trial (see CPL 470.05 [2]; People v Pross, 302 AD2d 895, 897 [2003], Iv denied 99 NY2d 657 [2003]; People v Tinsley, 159 AD2d 602 [1990]). Defendant also failed to preserve for our review his contentions that prosecutorial misconduct on summation deprived him of a fair trial (see People v Wright, 269 AD2d 831 [2000], lv denied 94 NY2d 954 [2000]) and that the court improperly questioned witnesses (see People v Johnson, 130 AD2d 766 [1987], lv denied 70 NY2d 649 [1987]), and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see 470.15 [6] [a]). The evidence, viewed in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), is legally sufficient to support defendant’s conviction of robbery. The verdict is not against the weight of the evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). *885 Finally, the sentence is not unduly harsh or severe, and defendant was not denied effective assistance of counsel at sentencing (see People v Jones, 261 AD2d 920 [1999], lv denied 93 NY2d 972 [1999]; People v Adams, 247 AD2d 819 [1998], lv denied 91 NY2d 1004 [1998]). Present—Pigott, Jr., P.J., Green, Pine, Wisner and Gorski, JJ.