THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMIE SMITH, Appellant. [784 NYS2d 810]—

Appeal from a judgment of the Monroe County Court (Richard A. Keenan, J.), rendered July 29, 2002. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him after a jury trial of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was deprived of his right to confront the witnesses against him because County Court curtailed defense counsel's cross-examination of the victim of the burglary on the issue whether the victim's home had been subjected to other burglaries. We reject that contention. "[C]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" (*People v Ashner*, 190 AD2d 238, 247 [1993]). In view of the "importance placed on the peculiarities of each case" in determining whether curtailment of cross-examination was proper (*id.*), we conclude that the court's curtailment of the cross-examination herein was proper. There is no indication of any connection between the prior burglaries and the facts and circumstances of the burglary for which defendant was on trial (*see generally id.* at 246).

We also reject the contention of defendant that he was deprived of a fair trial by the introduction of evidence that, prior to the burglary, defendant threatened the victim and the victim's girlfriend with physical violence as retribution for a physical altercation between defendant's girlfriend and the cousin of the victim's girlfriend. That evidence was relevant on the issue of defendant's motive for committing the crime at is-

sue, and the court properly determined that the probative value of that evidence outweighed its potential for prejudice (*see generally People v Alvino*, 71 NY2d 233, 241-242 [1987]).

Although we agree with defendant that the unsolicited testimony of the victim that he first met defendant upon defendant's release from jail was inadmissible (*see People v McCray*, 227 AD2d 900 [1996], *lv denied* 89 NY2d 866 [1996]), we conclude that the court's prompt curative instruction was sufficient to alleviate any prejudice to defendant arising therefrom (*see People v Brooks*, 213 AD2d 999 [1995], *lv denied* 85 NY2d 970 [1995]). Contrary to defendant's further contention, the court properly refused to charge criminal trespass in the second degree (Penal Law § 140.15) as a lesser included offense of burglary in the second degree. There is no reasonable view of the evidence that defendant entered the building without the intent to commit a crime therein, and thus it cannot be said that "there is a reasonable view of the evidence . . . that would support a finding that he committed the lesser offense but not the greater" (*People v Glover*, 57 NY2d 61, 63 [1982]). Finally, the sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Kehoe, Gorski and Hayes, JJ.