■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRED JACKSON, Appellant. [792 NYS2d 450]—

Judgment, Supreme Court, New York County (Ira Beal, J., at suppression hearing; Arlene R. Silverman, J., at jury trial and sentence), rendered September 18, 2002, convicting defendant of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress physical evidence. There is no basis for disturbing the court's determination that defendant consented to the police entry into his home, which is supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). In any event, even if the police made an entry in violation of *Payton v New York* (445 US 573 [1980]), suppression of the physical evidence seized incident to defendant's lawful arrest was not required, as the hearing court expressly concluded in its supplemental decision. The seizure of the evidence from defendant's person occurred at the police station and had no connection with the police entry into defendant's residence (*see People v Jones*, 2 NY3d 235, 241-244 [2004]). While *Jones* dealt with a lineup identification, we find that its rationale is equally applicable to physical evidence seized under the circumstances presented here. In any event, any error in the suppression ruling was harmless in view of the overwhelming evidence of defendant's guilt, with particular reference to fingerprint evidence that independently established his identity beyond a reasonable doubt.

For similar reasons, we reject defendant's argument that his counsel was ineffective for failing to call a witness who allegedly would have supported defendant's claim that the police entry was nonconsensual. Even if counsel had established an unlawful police entry, this would not have resulted in suppression of the physical evidence, and suppression would not have affected the outcome of the trial in any event (*see People v Hobot*, 84 NY2d 1021, 1024 [1995]; *see also Strickland v Washington*, 466 US 668 [1984]).

The court properly denied defendant's motion to suppress identification testimony. The lineup was not unduly suggestive (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). While defendant was the only participant with a blotchy skin pigmentation, that condition was not so conspicu-

ous as to make him stand out. Furthermore, there is no indication that the fairness of the lineup could have been improved through the use of makeup or any other device.

The hearing court properly denied defendant's requests to call the identifying witness and the person who interpreted for her (*see People v Chipp,* 75 NY2d at 336-337). The circumstances of the lineup identification were sufficiently established through police testimony and defendant's claims regarding the potential testimony of the witnesses he sought to call are speculative (*see People v George,* 4 AD3d 142 [2004], *lv denied* 2 NY3d 799 [2004]; *People v Smith,* 278 AD2d 139 [2000], *lv denied* 96 NY2d 868 [2001]).

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved for appellate review and, in any event, is without merit (*see People v Rosen,* 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]). Defendant's mandatory sentence as a persistent violent felony offender was triggered solely by his prior convictions (*see Almendarez-Torres v United States,* 523 US 224 [1998]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Mazzarelli, J.P., Saxe, Ellerin, Gonzalez and Catterson, JJ.