■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELA DAVIS, Appellant. [801 NYS2d 855]—

Appeal from a judgment of the Supreme Court, Monroe County (Donald J. Mark, J.), rendered September 24, 2002. The judgment convicted defendant, upon a jury verdict, of assault in the first degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified as a matter of discretion in the interest of justice by reducing the sentence imposed on each count of assault in the first degree to a determinate term of incarceration of 10 years and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of assault in the first degree (Penal Law § 120.10 [1]). Although we agree with defendant that the People's mid-trial request to fingerprint defendant was untimely (*see* CPL 240.90 [1]), as was the People's request to present expert evidence to confirm her identity, we conclude that any error arising therefrom is harmless (*see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We apply the harmless error analysis applicable to nonconstitutional error because fingerprint evidence is "non-testimonial evidence" (CPL 240.40 [2] [b] [iii]; *see United States v Wade*, 388 US 218, 222-223 [1967]; *see also People v Finkle*, 192 AD2d 783, 788 [1993], *lv denied* 82 NY2d 753 [1993]). We further conclude that, even assuming, arguendo, that Supreme Court erred in denying the request of defendant for a brief adjournment to retain her own fingerprint expert and a response to the People's mid-trial request for discovery, that error is harmless as well. We note that defendant's testimony eliminated any dispute regarding the issue of identification. In any event, the evidence

of defendant's guilt is overwhelming, and there is no significant probability that the failure to grant an adjournment contributed to defendant's conviction (*see generally People v Spina*, 275 AD2d 902, 904 [2000], *lv denied* 95 NY2d 969 [2000]; *Finkle*, 192 AD2d at 788).

We further conclude that the court did not abuse its discretion in limiting the cross-examination of certain prosecution witnesses with respect to their testimony concerning the precise location of the altercation, i.e., whether it occurred on the stairs or at the bottom of the stairs, and whether an unsequestered witness discussed with another unsequestered witness her testimony regarding which theater door defendant used to leave the scene after the altercation (*see generally People v Brazeau*, 304 AD2d 254, 256-257 [2003], *lv denied* 100 NY2d 579 [2003]). The court's curtailment of the cross-examination at issue herein did not " 'keep[ ] from the jury relevant and important facts bearing on the trustworthiness of crucial testimony' " (*People v Smith*, 12 AD3d 1106, 1106 [2004], *lv denied* 4 NY3d 767 [2005]; *see also People v Baker*, 294 AD2d 888, 889 [2002], *lv denied* 98 NY2d 708 [2002]). In any event, we conclude that the alleged error is harmless beyond a reasonable doubt (*see People v Snell*, 234 AD2d 986 [1996], *lv denied* 89 NY2d 1015 [1997]; *see generally Crimmins*, 36 NY2d at 237). The court also properly refused to permit questioning on the issue whether certain witnesses were able to identify anyone in a photo array inasmuch as there was no indication that those witnesses were unable to identify defendant at trial (*see generally People v Quevas*, 81 NY2d 41, 45-46 [1993]; *People v Diggs*, 5 AD3d 395, 396 [2004], *lv denied* 2 NY3d 798 [2004]). Defendant failed to preserve for our review her further contention that she was deprived of a fair trial by prosecutorial misconduct on summation (*see People v Rivera*, 73 NY2d 941 [1989]; *People v Norman*, 1 AD3d 884 [2003], *lv denied* 1 NY3d 599 [2004]). In any event, we conclude that the prosecutor's statement at issue was a fair response to defense counsel's summation (*see People v McCauley*, 19 AD3d 1130, 1131 [2005]) and, in addition, was "fairly inferrable from the evidence" (*People v Ashwal*, 39 NY2d 105, 110 [1976]; *see People v Williams*, 13 AD3d 1173, 1174 [2004], *lv denied* 4 NY3d 892 [2005]).

We agree with defendant, however, that the sentence is unduly harsh and severe. Thus, as a matter of discretion in the interest of justice (*see generally* CPL 470.15 [6] [b]), we modify the judgment by reducing the sentence imposed on each count of assault to a determinate term of incarceration of 10 years. Present—Pigott, Jr., P.J., Gorski, Martoche, Pine and Lawton, JJ.