■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL PADILLA, Appellant. [811 NYS2d 669]—

Judgment, Supreme Court, New York County (Joan C. Sudolnik, J., at hearing; William A. Wetzel, J., at jury trial and sentence), rendered December 18, 2000, convicting defendant of attempted murder in the second degree, robbery in the first degree and assault in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion.

Even if the police made an entry in violation of *Payton v New York* (445 US 573 [1980]), suppression of the physical evidence seized was not required, since the seizure of the evidence from defendant's person occurred at the police station and had no connection with the police entry into defendant's residence (*see People v Jackson*, 17 AD3d 148 [2005], *lv denied* 5 NY3d 790 [2005]). The record also supports the court's determination that the written statement defendant made at the police station was attenuated from any illegality, since there was an interval of seven hours between defendant's arrest and interrogation, and there was no flagrant government misconduct (*see Brown v Illinois*, 422 US 590, 602-604 [1975]; *People v Harris*, 77 NY2d 434 [1991]). In any event, were we to find any error in the admission of any of this evidence, we would find it to be harmless.

Defendant's challenge to the court's charge is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would reject it. Concur—Tom, J.P., Andrias, Marlow, Williams and McGuire, JJ.