■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK BERRY, Appellant. [842 NYS2d 822]—

Appeal from a judgment of the Supreme Court, Monroe County (Frances A. Affronti, J.), rendered July 1, 2004. The judgment convicted defendant, upon a jury verdict, of course of sexual conduct against a child in the first degree, sodomy in the second degree (two counts) and attempted rape in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of two counts of sodomy in the second degree (Penal Law former § 130.45), and one count each of course of sexual conduct against a child in the first degree (former § 130.75 [a]) and attempted rape in the second degree (§ 110.00, former § 130.30). Defendant contends that Supreme Court erred in denying his challenge for cause with respect to a prospective juror who had indicated that she had been the victim of sexual abuse. Defendant failed to preserve his contention for our review, however, because the record establishes that he never challenged that prospective juror for cause (see CPL 470.05 [2]). Rather, his challenge for cause concerned another prospective juror with a similar background and, because that prospective juror "gave the requisite unequivocal assurance of impartiality," the court properly exercised its discretion in denying defendant's challenge for cause with respect to her (People v Nowlin, 297 AD2d 554, 555 [2002], lv denied 98 NY2d 770 [2002]; see People v Chambers, 97 NY2d 417, 419 [2002]). We reject the further contention of defendant that the court erred in denying his challenge for cause with respect to a prospective juror who indicated that she did not understand the English language very well. That prospective juror stated that she had lived in the United States for 48 or 49 years, and the record establishes that her "ability to communicate in the English language was sufficient" (People v Chohan, 254 AD2d 124, 124 [1998], lv denied 92 NY2d 1030; see generally People v Guzman, 76 NY2d 1, 5 [1990]).

Defendant further contends that the court erred in refusing to allow a witness to testify with respect to a statement made by one of the victims. Defendant contends for the first time on appeal that the statement would have established that a person other than defendant had subjected that victim to sexual abuse. At trial, however, defendant contended that the statement was admissible because it concerned the victim's complaint of abuse by another person that occurred prior to, or in addition to, the abuse by defendant and was relevant in establishing whether there was a reason for the delay of the victim in reporting defendant's abuse of her. Because defendant's "offer of proof was insufficient to alert the trial court to the relevance of the testimony," i.e., that defendant allegedly was not the perpetrator of the abuse, we conclude that the court's refusal to allow the witness to testify with respect to the statement in question does not constitute reversible error (People v Arroyo, 77 NY2d

947, 948 [1991], *rearg denied* 78 NY2d 952 [1991]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Green, JJ.