■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAMIEL HARRIS, Appellant. [880 NYS2d 640]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered June 7, 2007, convicting defendant, after a jury trial, of two counts of burglary in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 10 years, unanimously affirmed.

The court properly denied defendant's challenge for cause to a prospective juror who communicated articulately with the court and counsel in lengthy colloquies, thereby demonstrating a complete command of the English language, but who nevertheless expressed doubts that his knowledge of English was sufficient for jury service. The panelist never expressed doubts about his fairness, but only about his capacity. The court was able to make an objective evaluation of the panelist's knowledge of English (*see People v Berry*, 43 AD3d 1365 [2007], *lv denied* 9 NY3d 1031 [2008]), and the panelist's subjective and unfounded view of his own capacity was not controlling.

The court properly denied defendant's suppression motion regarding his written statement. The record supports the court's finding that the statement was attenuated from an arrest made in violation of *Payton v New York* (445 US 573 [1980]), since there was an interval of seven hours between defendant's arrest and interrogation, and there were sufficient intervening circumstances and no flagrant government misconduct (*see People v Harris*, 77 NY2d 434 [1991]; *People v Padilla*, 28 AD3d 236 [2006], *lv denied* 7 NY3d 760 [2006]). In any event, any error in

the admission of the statement was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Freedman and Abdus-Salaam, JJ.