THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE D. TAYLOR, Appellant. [891 NYS2d 822]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [4]). The evidence, viewed in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), is legally sufficient to establish that defendant stole property that "consist[ed] of a credit card or debit card" (Penal Law § 155.30 [4]). In addition, viewing the evidence in light of the elements of the crime of grand larceny as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the contention of defendant, he was not deprived of his right to a fair trial based on prosecutorial misconduct. The prosecutor's description of the defense theory as an attempt to "distract" or "mislead" the jury with "conjecture, theorizing, [and] hypothesizing" was within the wide rhetorical bounds afforded to the prosecutor (*see People v Allen*, 121 AD2d 453, 454 [1986], *affd* 69 NY2d 915 [1987]; *People v Lynch*, 60 AD3d 1479, 1480-1481 [2009], *lv denied* 12 NY3d 926 [2009]). "The [remaining] challenged remarks generally constituted fair comment on the evidence and [the] reasonable inferences to be drawn therefrom, and [in any event] were responsive to defense arguments" (*People v Sunter*, 57 AD3d 226, 227 [2008], *lv denied* 12 NY3d 762 [2009]).

We reject the further contention of defendant that the People presented evidence that defendant committed more than one act of grand larceny and that the jury therefore may have convicted defendant of an unindicted crime. Grand larceny in the fourth degree is a crime that, pursuant to the express statutory language, may be committed by alternate means of stealing a credit card or a debit card (*see* Penal Law § 155.30 [4]; *see generally People v Giordano*, 296 AD2d 714, 715-716 [2002], *lv denied* 99 NY2d 582 [2003]). Here, the indictment charged defendant with one count of grand larceny, and the People presented evidence of a single act of grand larceny involving one MasterCard that functioned as both a credit card and a debit card. Thus, there is no possibility that the jury may have convicted defendant of an unindicted crime. Present—Scudder, P.J., Fahey, Carni and Gorski, JJ.