■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TIKO D. HEAD, Appellant. [933 NYS2d 774]—

Peters, J.P.

Defendant's claims of prosecutorial misconduct are unpreserved for our review, as no objections were raised before County Court (*see People v Terry*, 85 AD3d 1485, 1487 [2011], *lv denied* 17 NY3d 862 [2011]; *People v Henry*, 64 AD3d 804, 806 [2009], *lv denied* 13 NY3d 860 [2009]). In any event, were these claims properly before us, we would find no impropriety that deprived defendant of a fair trial. Inasmuch as defendant's testimony during both direct and cross-examination clearly suggested that the People's witnesses had fabricated their testimony, it was not improper for the prosecutor to ask him whether he believed that the People's witnesses had lied during their testimony (*see People v Buel*, 53 AD3d 930, 932 [2008]; *People v Allen*, 13 AD3d 892, 897 [2004], *lv denied* 4 NY3d 883 [2005]; *People v Overlee*, 236 AD2d 133, 139 [1997], *lv denied* 91 NY2d 976 [1998]). Furthermore, the portion of the prosecutor's summation which defendant now challenges constituted fair comment on the evidence and the reasonable inferences to be drawn therefrom (*see People v Taylor*, 68 AD3d 1728, 1728 [2009], *lv denied* 14 NY3d 845 [2010]; *People v Davis*, 21 AD3d 1336, 1338 [2005], *lv denied* 6 NY3d 811 [2006]; *People v Desordi*, 238 AD2d 738, 740 [1997], *lv denied* 90 NY2d 904 [1997]; *People v Racine*, 132 AD2d 899, 900 [1987], *lv denied* 70 NY2d 754 [1987]). While the prosecutor should not have attempted to appeal to the sympathy of the jury by asking the jury during opening statements to "join [the victim] in the fight back" (*see People v Nelson*, 68 AD3d 1252, 1255 [2009]), this isolated comment was not so substantially prejudicial as to deprive defendant of a fair trial, particularly in light of the strength of the People's case and the overwhelming proof of defendant's guilt (*see id.*; *People v Thornton*, 4 AD3d 561, 563 [2004], *lv denied* 2 NY3d 808 [2004]; *People v Hamilton*, 227 AD2d 669, 672 [1996], *lv denied* 88 NY2d 1068 [1996]).

We are unpersuaded by defendant's contention that counsel's failure to request an intoxication charge constituted ineffective assistance of counsel. While defendant testified that he "drank a little bit" prior to the incident and one of the People's witnesses described him as intoxicated, there was no evidence that defendant's mental state at the time he committed these offenses was affected by alcohol (*see People v Gaines*, 83 NY2d 925, 927 [1994]; *People v Robetoy*, 48 AD3d 881, 882 [2008]; *People v*

*Van Ness*, 43 AD3d 553, 555 [2007], *lv denied* 9 NY3d 965 [2007]). Moreover, an intoxication charge would have been inconsistent with the theory proffered by the defense that defendant neither threatened nor hit the victim (*see People v Van Ness*, 43 AD3d at 555). Consistent with that theory, defense counsel attacked the credibility of the People's witnesses and the veracity of the victim and, notably, obtained an acquittal on a count of the indictment charging defendant with striking or attempting to strike the victim. Although the defense was not entirely successful, we will not second-guess that reasonable strategy (*see People v McCall*, 75 AD3d 999, 1002 [2010], *lv denied* 15 NY3d 894 [2010]; *People v Cruz*, 61 AD3d 1111, 1112-1113 [2009]; *People v Van Ness*, 43 AD3d at 555). Moreover, counsel made appropriate pretrial motions, delivered cogent opening and closing arguments, thoroughly cross-examined the People's witnesses and highlighted inconsistencies in the testimony to the jury. Viewing the record as a whole, defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Williamson*, 77 AD3d 1183, 1185 [2010]).

Spain, McCarthy, Garry and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.