THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK SAMUEL, Appellant. [938 NYS2d 69]—

The court properly denied defendant's motion to suppress identification testimony. The record supports the hearing court's finding that the photo array and lineup were not unduly suggestive. As to each procedure, defendant and the other participants were reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out for identification (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]).

The court also properly denied defendant's motion to suppress statements. There was no violation of *Payton v New York* (445 US 573 [1980]). The police never entered defendant's apartment. Instead, at the request of the police, defendant's parole officer asked defendant to come into the hallway outside his apartment, and this procedure was permissible (*see People v Wallace*, 250 AD2d 398 [1998]).

There is no basis to disturb the hearing court's finding that defendant's initial interview, which was not preceded by *Miranda* warnings, was not custodial. A reasonable innocent person in defendant's position would not have thought he was in custody (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *see also Stansbury v California*, 511 US 318 [1994]). Defendant agreed to accompany the police to the precinct, where he remained in an interview room. During the period that preceded *Miranda* warnings, the police did not restrain defendant in any way or do anything to convey that he was not free to leave (*see People v Dillhunt*, 41 AD3d 216 [2007], *lv denied* 10 NY3d 764 [2008]).

Even assuming a *Payton* or *Miranda* violation, or both, there was sufficient attenuation so that defendant's later statements were not tainted. Defendant's made his post-*Miranda* statements after a significant time lapse, and he made no incriminating statements during the pre-*Miranda* interview (*see People v*

*White*, 10 NY3d 286, 291 [2008], *cert denied* 555 US 897 [2008]). Furthermore, there was nothing flagrant about the alleged *Payton* violation. Defendant's videotaped interview was even further attenuated from any *Payton* or *Miranda* violation, since it was made at a different location to a different interviewer. In any event, even assuming any error in the admission of either of the two statements, the error was harmless (*see People v Crimmins*, 36 NY2d 230 [1975]), in light of the overwhelming evidence of defendant's guilt and the generally exculpatory nature of his statements.

We have considered and rejected defendant's remaining claims, including his challenges to the admissibility of recordings of phone calls he made while in prison. Concur—Saxe, J.P., Friedman, Catterson, Freedman and Manzanet-Daniels, JJ.