# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

256

KA 07-01852

PRESENT: SMITH, J.P., SCONIERS, VALENTINO, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

CORLAN PAGE, DEFENDANT-APPELLANT.

---

THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered August 8, 2007. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts), attempted robbery in the first degree (two counts), burglary in the first degree (two counts) and criminal possession of a weapon in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), defendant contends that Supreme Court abused its discretion in precluding him from offering expert testimony on the reliability of eyewitness identifications. We reject that contention. "If . . . sufficient evidence corroborates an eyewitness's identification of the defendant, then . . . testimony concerning eyewitness identifications is unnecessary" (*People v Santiago*, 17 NY3d 661, 669; *see People v LeGrand*, 8 NY3d 449, 459). Here, expert testimony was not required because "there were two strong eyewitness identifications, as well as many items of circumstantial evidence that, when viewed as a whole, provided substantial corroboration" (*People v Munnerlyn*, 92 AD3d 507, 507-508, *lv denied* 19 NY3d 965; *see People v Fernandez*, 78 AD3d 726, 726-727, *lv denied* 16 NY3d 830; *People v Smith*, 57 AD3d 356, 357, *lv denied* 12 NY3d 821).

Contrary to defendant's contention, the court did not err in imposing a sanction other than dismissal of the charges based on the People's loss of a basketball jersey that was found in the vicinity of the crime scene and that matched the eyewitness descriptions of clothing worn by the perpetrator. It is within the sound discretion of the court to determine the appropriate sanction for the loss of evidence (*see People v Kelly*, 62 NY2d 516, 521), and the court's

"overriding concern must be to eliminate any prejudice to the defendant while protecting the interests of society" (*id.* at 520). "The loss or destruction of evidence prior to trial does not necessarily require dismissal of the charge[s] and indeed dismissal is considered a drastic remedy rarely invoked as an appropriate sanction for the People's failure to preserve evidence" (*People v Haupt*, 71 NY2d 929, 931). Here, defendant was able to mitigate any prejudice caused by the loss of the basketball jersey by cross-examining a police officer about the loss of the jersey and presenting evidence that, prior to the loss of the jersey, the People collected a DNA sample from it that did not match the DNA of defendant. In addition, defense counsel referred to the loss of the jersey in his summation. Under these circumstances, and "[g]iven that the exculpatory value of the missing evidence is completely speculative . . . , the court did not abuse its discretion in imposing the lesser sanction" of a permissive adverse inference instruction (*People v Pfahler*, 179 AD2d 1062, 1063; *see generally People v Feliciano*, 301 AD2d 480, 481, *lv denied* 100 NY2d 538; *People v Hill*, 266 AD2d 929, 929, *lv denied* 94 NY2d 903).

Defendant contends that the prosecutor's peremptory challenges with respect to two prospective jurors constitute *Batson* violations. We reject that contention. The People offered race-neutral reasons for each peremptory challenge at issue, and the reasons were not pretextual (*see generally People v Smocum*, 99 NY2d 418, 422; *People v Allen*, 86 NY2d 101, 109-110). Specifically, the People explained that they used one peremptory challenge with respect to an African-American woman because her brother was a prison chaplain and she therefore was likely to be sympathetic to defendant (*see generally People v McCoy*, 46 AD3d 1348, 1349, *lv denied* 10 NY3d 813). The People further explained that they used a peremptory challenge with respect to another African-American woman because, inter alia, she was blind in one eye and partially deaf in one ear and those disabilities may have affected her ability to see and hear the evidence at trial (*see People v Falkenstein*, 288 AD2d 922, 922, *lv denied* 97 NY2d 704).

Although we agree with defendant that the prosecutor on summation improperly suggested that defendant had the burden of proof, we conclude that the prosecutor's "improper comment[s were] not so egregious that defendant was thereby deprived of a fair trial" (*People v Willson*, 272 AD2d 959, 960, *lv denied* 95 NY2d 873). We note in particular that the court sustained defendant's objections to the improper comments and instructed the jury to disregard them, and the jury is presumed to have followed the court's instructions (*see generally People v Wallace*, 59 AD3d 1069, 1070, *lv denied* 12 NY3d 861). Moreover, "the court clearly and unequivocally instructed the jury that the burden of proof on all issues remained with the prosecution" (*People v Pepe*, 259 AD2d 949, 950, *lv denied* 93 NY2d 1024; *see People v Matthews*, 27 AD3d 1115, 1116). Defendant concedes that his remaining contentions concerning prosecutorial misconduct during summation are not preserved for our review (*see* CPL 470.05 [2]; *People v Cox*, 21 AD3d 1361, 1363-1364, *lv denied* 6 NY3d 753). In any event, " '[t]he [remaining] challenged remarks generally constituted

fair comment on the evidence and [the] reasonable inferences to be drawn therefrom, and . . . were responsive to defense arguments' " (*People v Taylor*, 68 AD3d 1728, 1728, *lv denied* 14 NY3d 845).

Defendant contends that the court erred in allowing the People to present evidence of a prior conviction by presenting testimony concerning the existence of defendant's fingerprints in the system. Defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]; *People v Crump*, 77 AD3d 1335, 1336, *lv denied* 16 NY3d 857), and we conclude in any event that the People did not in fact thereby present evidence of a prior conviction.  "[T]he testimony of a detective that the defendant's fingerprints were already in the system, which was not specifically identified as police-related, did not compel the inference that the defendant had a past criminal history" (*People v Clemmons*, 83 AD3d 859, 860, *lv denied* 19 NY3d 971; *see People v Henry*, 71 AD3d 1159, 1160, *lv denied* 15 NY3d 774).

Defendant further contends that the court erred in refusing to suppress identification testimony on the ground that the photo array from which the identification was made was unduly suggestive. "Because the subjects depicted in the photo array [were] sufficiently similar in appearance so that the viewer's attention [was] not drawn to any one photograph in such a way as to indicate that the police were urging a particular selection, the photo array was not unduly suggestive" (*People v Gonzalez*, 89 AD3d 1443, 1444, *lv denied* 19 NY3d 973, *reconsideration denied* 20 NY3d 932 [internal quotation marks omitted]).  We also reject defendant's contention that the subsequent lineup identification procedure was unduly suggestive (*see generally People v Chipp*, 75 NY2d 327, 336, *cert denied* 498 US 833).

Defendant failed to preserve for our review his contention that the People committed a *Rosario* violation by failing to disclose a photograph (*see* CPL 470.05 [2]), and that contention lacks merit in any event.  The photograph does not constitute *Rosario* material because it is not "a statement made by a prosecution witness" (*People v Martinez*, 298 AD2d 897, 898, *lv denied* 98 NY2d 769, *cert denied* 538 US 963, *reh denied* 539 US 911; *see* CPL 240.45 [1] [a]).

Finally, defendant contends that he was denied effective assistance of counsel because defense counsel, inter alia, failed to make objections during trial and thereby failed to preserve several issues for appellate review.  We reject that contention.  As discussed above, defendant's unpreserved contentions are without merit, and "[a] defendant is not denied effective assistance of trial counsel merely because counsel does not make a motion or argument that has little or no chance of success" (*People v Stultz*, 2 NY3d 277, 287, *rearg denied* 3 NY3d 702). With respect to the remaining alleged deficiencies on the part of defense counsel, we conclude that, viewing the record as a whole and as of the time of the representation, defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d

137, 147).

Entered:  April 26, 2013                         Frances E. Cafarell
                                                 Clerk of the Court