■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID ANDRANGO, Appellant. [966 NYS2d 372]—

Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered April 12, 2010, convicting defendant, upon his plea of guilty, of murder in the first degree and robbery in the first degree, and sentencing him to an aggregate term of 25 years to life, unanimously affirmed.

The court properly denied defendant's motion to suppress his statements to the police and to a prosecutor. The record supports the court's finding that when defendant made a statement prior to receiving *Miranda* warnings, a reasonable innocent person in his position would not have thought that he was in custody (*see People v Yukl*, 25 NY2d 585, 589 [1969], *cert denied* 400 US 851 [1970]). Defendant agreed to accompany the police to the precinct, where he remained in an interview room. During the relatively brief period that preceded *Miranda* warnings, the police did not handcuff or restrain defendant or do anything to convey that he was not free to leave, and the questioning was investigatory rather than accusatory (*see e.g. People v Samuel*, 92 AD3d 466 [1st Dept 2012], *lv denied* 19 NY3d 867 [2012]; *People v Dillhunt*, 41 AD3d 216, 217 [1st Dept 2007], *lv denied* 10 NY3d 764 [2008]).

This conclusion is not undermined by a detective's testimony that defendant would have been placed in custody had he declined to go to, or sought to depart from, the police station. These subjective intentions were never conveyed to defendant. "A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the

only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation" (*Berkemer v McCarty*, 468 US 420, 442 [1984]; *see also Stansbury v California*, 511 US 318, 325 [1994]; *United States v Mendenhall*, 446 US 544, 554 n 6 [1980]).

Accordingly, there is no basis for suppression of any of defendant's statements. In any event, regardless of the admissibility of the pre-*Miranda* statement, which was entirely exculpatory as to the murder, the post-*Miranda* statements were sufficiently attenuated so as to be admissible.

We perceive no basis for a reduction of sentence. Concur—Andrias, J.P., Saxe, Freedman and Román, JJ.