THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS R. BURKE-WELLS, Appellant. [21 NYS3d 777]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered November 9, 2011. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the second degree (Penal Law § 140.25 [2]). Defendant failed to preserve for our review his contention that he was deprived of his right to a fair trial by the testimony of the People's fingerprint analyst on the ground that her testimony "suggest[ed] absolute certainty" and was not presented as an opinion (*see generally People v Comerford*, 70 AD3d 1305, 1305-1306 [2010]) and, in any event, we reject that contention. It is well settled that a fingerprint match may provide the basis for a burglary conviction (*see People v Safford*, 74 AD3d 1835, 1836 [2010], *lv denied* 16 NY3d 746 [2011], *reconsideration denied* 16 NY3d 899 [2011]), and here the People's fingerprint analyst testified that she matched a known fingerprint belonging to defendant to a latent fingerprint recovered from the entry point at the crime scene. Defendant also failed to preserve for our review his contention that he was deprived of a fair trial based on prosecutorial misconduct (*see People v Torres*, 125 AD3d 1481, 1484 [2015], *lv denied* 25 NY3d 1172 [2015]). In any event, we conclude that the prosecutor's comments during summation were a fair response

to comments made by defense counsel (*see People v Santana*, 55 AD3d 1338, 1339 [2008], *lv denied* 12 NY3d 762 [2009]; *People v Beggs*, 19 AD3d 1150, 1151 [2005], *lv denied* 5 NY3d 803 [2005]), and any improprieties with respect to the remaining allegations of misconduct "were not so pervasive or egregious as to deprive defendant of a fair trial" (*Torres*, 125 AD3d at 1484 [internal quotation marks omitted]).

Finally, defendant's sentence is not unduly harsh or severe. Present—Scudder, P.J., Smith, Valentino, Whalen and DeJoseph, JJ.