People v DuBois (2020 NY Slip Op 02544)





People v DuBois


2020 NY Slip Op 02544


Decided on April 30, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2020

Friedman, J.P., Kapnick, Webber, Oing, JJ.


448/14 11431 11431A

[*1]The People of the State of New York, Respondent,
v
Gary DuBois, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Valerie Figueredo of counsel), for respondent.



Judgment, Supreme Court, New York County (Richard D. Carruthers, J. at suppression hearing; Arlene D. Goldberg, J. at jury trial and sentencing), rendered June 21, 2016, convicting defendant of attempted gang assault in the first degree, attempted assault in the first degree and assault in the second degree, and sentencing him, as a second violent felony offender, to an aggregate term of 15 years, and order, same court (Arlene D. Goldberg, J.), entered on or about December 17, 2018, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.
The court properly denied defendant's CPL 440.10 motion. A records custodian's trial testimony about the timing of a text message sent by defendant on the day of the crime was later acknowledged to have been mistaken. However, defendant did not establish that he was therefore entitled to a new trial on any of the grounds cited in his motion. There was no evidence of misconduct by the prosecutor, and, in any event, there was not even a reasonable possibility that the testimony at issue, whether it is described as "false" or mistaken, contributed to the verdict. There was overwhelming direct and circumstantial evidence of defendant's guilt, including, among other things, surveillance videotapes and undisputed phone records. Trial counsel's efforts to challenge the testimony at issue were not deficient under either the state or federal standards (see People v Benevento, 91 NY2d 708, 713—714 [1998]; Strickland v Washington, 466 US 668 [1984]). Defendant has not shown that counsel's conduct in this regard fell below an objective standard of reasonableness, or that they deprived defendant of a fair trial or affected the outcome of the case.
The court properly denied defendant's suppression motion. The motion court correctly determined that although the police made an entry in violation of Payton v New York (445 US 573 [1980]), suppression of defendant's phone was not required, since the seizure of the phone from defendant's person occurred at the police station and had no connection with the police entry into defendant's residence (see People v Padilla, 28 AD3d 236, 237 [1st Dept 2006], lv denied 7 NY3d 760 [2006]; People v Jackson, 17 AD3d 148 [2005], lv denied 5 NY3d 790 [2005]). Before inspecting the phone, the police obtained an undisputedly valid warrant, which addressed the special privacy concerns involved with phones.
The court providently exercised its discretion in admitting a phone call defendant made while in custody awaiting trial that could reasonably have been interpreted as an admission, or evidence of his consciousness of guilt. The possibility of innocent interpretations went to the weight to be given this evidence, not its admissibility (see People v McKenzie, 161 AD3d 703, 704 [2018], lv denied 32 NY3d 1113 [2018]).
In any event, in light of the overwhelming evidence of defendant's guilt, there was no [*2]reasonable possibility that any of the errors claimed by defendant contributed to the conviction (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2020
CLERK