People v Gailes (2021 NY Slip Op 50555(U))

[*1]

People v Gailes (Sharon)

2021 NY Slip Op 50555(U) [71 Misc 3d 141(A)]

Decided on June 17, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 17, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570015/16

The People of the State of New York,
Respondent,
against
Sharon Gailes, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Diane Kiesel, J.), rendered October 2, 2015, after a nonjury trial, convicting her of
attempted falsely reporting an incident in the third degree, and imposing sentence.

Per Curiam.
Judgment of conviction (Diane Kiesel, J.), rendered October 2, 2015, affirmed.
The verdict convicting defendant of attempted falsely reporting an incident in the third
degree (see Penal Law §§ 110.00, 240.50[3][a]) was based on legally sufficient
evidence and was not against the weight of the evidence (see People v Danielson, 9
NY3d 342, 348-349 [2007]), which showed that defendant filed a Domestic Incident Report,
falsely claiming that one James Weems went to her apartment and threatened to burn the
apartment down. There is no basis for disturbing the court's determinations concerning
credibility. Defendant's oral and written confession was sufficiently corroborated by other proof
(see CPL 60.50; People v
Baltes, 75 AD3d 656, 659 [2010], lv denied 15 NY3d 918 [2010]), including the
Domestic Incident Report, the testimony of Weems and documentation showing that Weems was
elsewhere when he allegedly went to defendant's apartment.
The court properly denied defendant's suppression motion. Defendant's oral and written
confessions were not the product of unlawful detention. The record supports the hearing court's
findings that defendant voluntarily went to the precinct at a mutually agreed upon time, and that
she was not in custody at the time she made the confession (see People v Morales, 42
NY2d 129, 137—138 [1977], cert denied 434 US 1018 [1978]). Given the totality
of the circumstances, a reasonable innocent person in defendant's position would not have
thought she had been seized by the police (see People v Centano, 76 NY2d 837 [1990];
People v Yukl, 25 NY2d 585, 590—592 [1969], cert denied 400 US 851
[1970]). Defendant was never handcuffed or otherwise restrained, the door to the interview room
was left open, she was free to use the bathroom and the police did not do anything to convey that
defendant was not free to leave (see
People v Andrango, 106 AD3d 461 [2013], lv denied 21 NY3d 1040
[2013]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 17, 2021