People v Johnson (2022 NY Slip Op 01895)





People v Johnson


2022 NY Slip Op 01895


Decided on March 18, 2022


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., NEMOYER, CURRAN, AND BANNISTER, JJ.


9 KA 18-00692

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TYQUAN JOHNSON, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DEREK HARNSBERGER OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Melchor E. Castro, A.J.), rendered February 17, 2017. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal Nos. 1 and 2, defendant appeals from judgments convicting him, upon a jury verdict, of four counts of burglary in the second degree (Penal Law § 140.25 [2]), as charged in separate indictments. We affirm in both appeals.
Defendant contends in both appeals that County Court erred in permitting two fingerprint examiners to testify to their opinions within "a reasonable degree of scientific certainty." Contrary to the People's assertion, defendant preserved his contention for our review by specifically objecting to testimony from the first fingerprint examiner that her opinion was made to a reasonable degree of scientific certainty (see generally CPL 470.05 [2]; People v Burke-Wells, 134 AD3d 1436, 1436 [4th Dept 2015], lv denied 27 NY3d 963 [2016]). The court overruled that objection, definitively rejecting defendant's challenge to the form of the opinion questions posed to the witness, and thus defendant was not required to repeat the objection in order to preserve for review his contention with respect to the second fingerprint examiner (see generally People v Finch, 23 NY3d 408, 413 [2014]). Nonetheless, even assuming, arguendo, that the court erred in permitting the fingerprint examiners to state their opinion to a reasonable degree of scientific certainty, we conclude that any such error is harmless (see People v Crimmins, 36 NY2d 230, 241-242 [1975]; People v Davis, 21 AD3d 1336, 1337 [4th Dept 2005], lv denied 6 NY3d 811 [2006]).
We reject defendant's contention that the court erred in denying his challenge for cause with respect to a prospective juror who indicated that he did not have a complete understanding of English, which was his second language. The prospective juror stated that he had lived in the United States for 45 years, that he understood "most" English, and that he understood all of the questioning by the court and the attorneys during voir dire. Based on the foregoing, we conclude that "the record establishes that [the prospective juror's] ability to communicate in the English language was sufficient" to support the court's denial of defendant's challenge for cause (People v Berry, 43 AD3d 1365, 1366 [4th Dept 2007], lv denied 9 NY3d 1031 [2008] [internal quotation marks omitted]; see People v Guzman, 76 NY2d 1, 5 [1990]; People v Chohan, 254 AD2d 124, 124 [1st Dept 1998], lv denied 92 NY2d 1030 [1998]).
We also reject defendant's contention that the court erred in precluding him from cross-examining police witnesses about the scope of the investigation into the underlying crimes—i.e., if the police investigated whether the items stolen during the burglaries had been pawned. "[T]he [*2]trial court has broad discretion to limit cross-examination where questions are repetitive, irrelevant or only marginally relevant, concern collateral issues, or threaten to mislead the jury" (People v Pena, 113 AD3d 701, 702 [2d Dept 2014], lv denied 22 NY3d 1201 [2014]; see also People v Baker, 294 AD2d 888, 889 [4th Dept 2002], lv denied 98 NY2d 708 [2002]). However, "[c]urtailment [of cross-examination] will be judged improper when it keeps from the jury relevant and important facts bearing on the trustworthiness of crucial testimony" (People v Smith, 12 AD3d 1106, 1106 [4th Dept 2004], lv denied 4 NY3d 767 [2005] [internal quotation marks omitted]). Here, the court did not abuse its discretion in limiting as irrelevant defense counsel's inquiry into the police investigation because there was no evidence that the stolen property had ever been pawned or that the post-burglary sale of the stolen property somehow called into question defendant's identity as the perpetrator of the burglaries (see People v Porter, 184 AD3d 1014, 1018 [3d Dept 2020], lv denied 35 NY3d 1069 [2020]; Smith, 12 AD3d at 1106; cf. People v Snow, 185 AD3d 1400, 1402-1403 [4th Dept 2020], lv denied 35 NY3d 1115 [2020]; see generally Baker, 294 AD2d at 889). Even assuming, arguendo, that the court erred in limiting defendant's cross-examination on the subject of the police investigation, we conclude that any such error is harmless (see Crimmins, 36 NY2d at 241-242; People v Gannon, 174 AD3d 1054, 1061 [3d Dept 2019], lv denied 34 NY3d 980 [2019]).
Finally, contrary to defendant's further contention, we conclude that the sentence in each appeal is not unduly harsh or severe.
Entered: March 18, 2022
Ann Dillon Flynn
Clerk of the Court