People v Campbell (2024 NY Slip Op 02378)

People v Campbell

2024 NY Slip Op 02378

Decided on May 02, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 02, 2024

Before: Manzanet-Daniels, J.P., Kern, Friedman, Rosado, O'Neill Levy, JJ. 

Ind. No. 306/18 Appeal No. 2180 Case No. 2020-04372 

[*1]The People of the State of New York, Respondent,
v
Omar Campbell, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Rosemary Herbert of counsel), and Orrick, Herrington & Sutcliffe LLP, New York (Sachi Schuricht of the bar of the State of California, admitted pro hac vice, of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Jonathan Sclar of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Ralph Fabrizio, J.), rendered October 7, 2020, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him to a term of 10 years, unanimously affirmed.
The inculpatory statement by defendant was not the result of a violation of Payton v New York (445 US 573 [1980]). Although the police accompanied the parole officer, who had probable cause to take defendant into custody, to defendant's home, they never entered defendant's apartment, and the parole officer transferred custody of defendant to the police outside of the apartment (see People v Garvin, 30 NY3d 174, 181-182 [2017], cert denied — US &mdash, 139 S Ct 57 [2018]; People v Samuel, 92 AD3d 466 [1st Dept 2012, lv denied 19 NY3d 1029 [2012]). The parole officer, who had independently viewed a video of defendant's participation in a robbery, was not acting as an agent of the police, as her taking of defendant into custody was "rationally and reasonably related to the performance of [her] duty as a parole officer" (see People v Candelaria, 63 AD2d 85, 89 [1st Dept 1978] [internal quotation marks omitted]). In any event, even if there had been a Payton violation, defendant's statement was attenuated from the unlawful arrest, since there was an interval of over nine hours after the arrest and no flagrant police misconduct (see People v Harris, 63 AD3d 480, 480 [1st Dept 2009], lv denied 13 NY3d 796 [2009]).
Nevertheless, the court erred in declining to suppress defendant's statement. Without advising defendant of his Miranda rights, a detective asked defendant, "[W]hat do they have you for?" and defendant responded, "[T]hey have me here for some robbery, but it wasn't me. I was in the cab, but it was my friend who pulled out the knife." The court suppressed the first statement as being made in response to an improper custodial interrogation, but declined to suppress the second on the ground that it was not responsive to the interrogation but was given spontaneously and voluntarily. The second statement should also have been suppressed because, like the first, it was not spontaneous, but responsive to the detective's question (see People v Lucas, 53 NY2d 678, 680 [1981]). However, any error was harmless in light of the
overwhelming evidence of defendant's guilt (see People v Crimmins, 36 NY2d 230 [1975]).
We perceive no basis for reducing the sentence. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 2, 2024