■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYWAN HOWINGTON, Appellant. [726 NYS2d 892] —Judgment unanimously affirmed. Memorandum: We reject the contention of defendant that County Court erred in denying his motion to suppress the showup identification by the victim. Defendant was apprehended within 200 yards of the crime scene, and the police conducted the showup within 15 minutes of the crime. Although the showup occurred while defendant was wearing handcuffs and in the custody of police officers, the evidence supports the court's determination that the identification procedure was not unduly suggestive (*see, People v Rucker*, 277 AD2d 961; *People v Tobias*, 273 AD2d 925, *lv denied* 95 NY2d 908). Defendant failed to join in codefendant's *Batson* challenge to the prosecutor's exercise of a peremptory challenge to a black prospective juror and thus failed to preserve for our review his contention that the court erred in denying that *Bat-*

*son* challenge (*see,* CPL 470.05 [2]; *see generally, People v Greening,* 254 AD2d 739, *lv denied* 92 NY2d 1032). In any event, as we concluded in codefendant's appeal (*People v Rucker, supra*), that contention lacks merit. We further reject the contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation. Defendant "has failed to show that remarks by the prosecutor during summation had 'a decided tendency to prejudice the jury'" (*People v Halm,* 81 NY2d 819, 821, quoting *People v Ashwal,* 39 NY2d 105, 110). Defendant's remaining contention concerning prosecutorial misconduct is not preserved for our review (*see,* CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see,* CPL 470.15 [6] [a]). Finally, we reject the contention of defendant that he was denied a fair trial as a result of cumulative error. (Appeal from Judgment of Onondaga County Court, Fahey, J.—Robbery, 1st Degree.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.