THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS ZEIGLER, Appellant. [752 NYS2d 449] —Appeal from a

judgment of Erie County Court (D'Amico, J.), entered May 24, 2000, convicting defendant after a jury trial of, inter alia, attempted murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: County Court properly denied defendant's motion to suppress identification testimony. Contrary to defendant's contention, the showup procedure was not unduly suggestive because it was conducted before two witnesses simultaneously (*see People v Bratcher,* 291 AD2d 878, *lv denied* 98 NY2d 673) or because defendant was in handcuffs (*see People v Howington,* 284 AD2d 1009, *lv denied* 97 NY2d 683). The court also properly denied the motion of defendant to suppress his statements to police officers. The statements that defendant made before he received *Miranda* warnings were not in response to custodial interrogation (*see People v Burnett,* 228 AD2d 788, 790-791). With respect to the statements that defendant made after he received *Miranda* warnings, the record supports the court's determination that the warnings were properly given (*see People v Dunkley,* 200 AD2d 499, *lv denied* 83 NY2d 871). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to support his conviction of attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) under the second count of the indictment and the lesser included offense of assault in the second degree (§ 120.05 [1]) under the eighth count of the indictment (*see People v Gray,* 86 NY2d 10, 19). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Upon our review of the record, we further conclude that the verdict with respect to those counts is not contrary to the weight of the evidence (*see generally People v Bleakley,* 69 NY2d 490, 495). The sentence is not unduly harsh or severe. Present—Pigott, Jr., P.J., Green, Scudder, Burns and Gorski, JJ.