■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARYL THOMAS, Appellant. [813 NYS2d 380]—

Judgments, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered February 2, 2004, convicting defendant, after a jury trial, of burglary in the first degree (nine counts), robbery in the first degree (four counts), robbery in the second degree (two counts), attempted rape in the first degree (two counts), sexual abuse in the first degree (three counts) and attempted sexual abuse in the first degree (four counts), and sentencing him to an aggregate term of 148 years, unanimously affirmed.

Defendant alleges that no consolidation application (CPL 200.20 [4]) was ever made, and claims that the court thus lacked the authority to conduct a joint trial of his two indictments. Such error, if any, would not fall within the "very narrow category of so-called 'mode of proceedings' errors" (*People v Agramonte*, 87 NY2d 765, 770 [1996]), because it did not go "to the essential validity of the proceedings conducted below" so that the "entire trial [was] irreparably tainted" (*People v Patterson*, 39 NY2d 288, 296 [1976], *affd* 432 US 197 [1977]). We decline to review this unpreserved claim in the interest of justice. Were we to review this claim, we would reject it.

Initially, we note that defendant has not satisfied his obligation to file a record sufficient to permit resolution of his claim (*see People v Olivo*, 52 NY2d 309, 320 [1981]). There is no requirement that a motion to consolidate under CPL 200.20 (4) be made in writing, and the record filed does not include the minutes for various court appearances, at any one of which there may have been an oral consolidation application. When viewed in the light of the presumption of regularity that attaches to court proceedings (*see People v Velasquez*, 1 NY3d 44, 48 [2003]), the existing record, including the statements and conduct of the court and counsel, supports the conclusion that the People made such an application, and that the court consolidated the indictments with defendant's consent. Moreover, at the March 27, 2003 proceeding, defense counsel expressly consented to consolidation. Indeed, there is no conceivable basis upon which consolidation could have been denied.

We perceive no basis for reducing the aggregate sentence, which we note is deemed a sentence of 50 years by operation of law (Penal Law § 70.30 [1] [e] [vi], [vii]). Concur—Sullivan, J.P., Nardelli, Williams, Sweeny and McGuire, JJ.