Judgment, Supreme Court, Bronx County (Nicholas J. Iacovetta, J., at waiver of counsel; David Stadtmauer, J., at nonjury trial and sentencing), rendered September 16, 2008, convicting defendant of harassment in the second degree, and sentencing him to an unconditional discharge, unanimously affirmed.
Defendant made a valid waiver of his right to counsel. In a thorough inquiry, the court explored defendant’s background and fully warned him of the risks and disadvantages of proceeding pro se (see People v Crampe, 17 NY3d 469, 481-482 [2011]; People v Vivenzio, 62 NY2d 775, 776 [1984]). The focus in a self-representation inquiry is not on how much the defendant knows about criminal law and procedure, because ignorance does not preclude self-representation (see People v Ryan, 82 NY2d 497, 507 [1993]). Instead, the principal focus is on warning a defendant that his or her lack of knowledge, relative to that of a lawyer, will be detrimental if the defendant chooses to waive the right to counsel. Here, the colloquy amply satisfied that requirement. In any event, while proceeding pro se, defendant obtained an acquittal of the misdemeanor charge, as well as an unconditional discharge on his harassment conviction. Concur—Andrias, J.P., Sweeny, DeGrasse, Freedman and Richter, JJ.