■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENITH AGARD, Appellant. [968 NYS2d 479]—

Judgment, Supreme Court, New York County (Renee A. White, J.), rendered May 25, 2010, convicting defendant, after a jury trial, of robbery in the first and third degrees, and sentencing him, as a second violent felony offender, to consecutive terms of 12 years and 2 to 4 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application to substitute new counsel after giving him repeated opportunities to explain why he wanted a different lawyer (*see People v Porto*, 16 NY3d 93, 100 [2010]). Defendant was not prevented from explaining why he wanted a new lawyer (*compare e.g. People v Branham*, 59 AD3d 244 [1st Dept 2009]). On the contrary, the court considered and rejected defendant's explanation. At most, defendant's allegations evinced disagreements with counsel over strategy on the eve of trial, which were not sufficient grounds for substitution (*see People v Linares*, 2 NY3d 507, 510-511 [2004]).

The court also properly responded to defendant's motion to proceed pro se. The record belies his contention that the court coerced him to withdraw his application, and instead demonstrates that the court fulfilled its obligation to undertake a "searching inquiry" to ascertain whether defendant's waiver of his right to counsel was knowing, voluntary and intelligent, and to confirm that defendant was "aware of the dangers and disadvantages of proceeding without counsel" (*People v Crampe*, 17 NY3d 469, 481 [2011]; *People v Arroyo*, 98 NY2d 101, 104 [2002]). The court's inquiry into the extent of defendant's knowledge of criminal law and procedure properly served to warn defendant that his lack of knowledge, relative to that of

his attorney, could be detrimental if he chose to waive his right to counsel (*see People v Sealy*, 102 AD3d 591 [1st Dept 2013]). Concur—Gonzalez, P.J., Renwick, DeGrasse, Manzanet-Daniels and Feinman, JJ.