# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**233**

**KA 11-01121**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DANIEL BRADFORD, JR., DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

BROOKS T. BAKER, DISTRICT ATTORNEY, BATH (JOHN C. TUNNEY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Steuben County Court (Marianne Furfure, A.J.), rendered April 7, 2011. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal contempt in the first degree (two counts), aggravated criminal contempt, offering a false instrument for filing in the first degree and tampering with physical evidence.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts and the law by reversing that part convicting defendant of tampering with physical evidence and dismissing count six of the indictment, and by vacating the sentences imposed on the remaining counts, and as modified the judgment is affirmed and the matter is remitted to Steuben County Court for resentencing on those counts.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]), aggravated criminal contempt (§ 215.52 [1]), and tampering with physical evidence (§ 215.40 [2]). Defendant failed to preserve for our review his contention regarding the selection of juror number one inasmuch as he did not exercise a challenge for cause or a peremptory challenge against her (see *People v Forino*, 65 AD3d 1259, 1260, *lv denied* 13 NY3d 907; *People v Berry*, 43 AD3d 1365, 1366, *lv denied* 9 NY3d 1031; *People v Howington*, 284 AD2d 1009, 1009-1010, *lv denied* 97 NY2d 683). Even assuming, arguendo, that defendant had challenged the prospective juror and his challenge had merit, we note that defendant's contention would not require reversal because he failed to exhaust his peremptory challenges prior to the completion of jury selection (see CPL 270.20 [2]; *People v Lynch*, 95 NY2d 243, 248; *People v Arguinzoni*, 48 AD3d 1239, 1241, *lv denied* 10 NY3d 859).

We reject defendant's contention that County Court erred in denying his requests for substitution of assigned counsel.  A trial court must carefully evaluate serious complaints about counsel, and "should substitute counsel when a defendant can demonstrate 'good cause' " for removal of his current attorney (*People v Linares*, 2 NY3d 507, 510).  Here, the court carefully evaluated defendant's first request, made after the first witness testified, and properly concluded that defense counsel was "reasonably likely to afford . . . defendant effective assistance" of counsel (*People v Medina*, 44 NY2d 199, 208; *see generally People v Smith*, 18 NY3d 588, 592-593).  The court also properly denied defendant's second request for assignment of new counsel later in the trial, which was based on defendant's unsubstantiated allegation of a conspiracy between defense counsel, the court, the prosecutor and law enforcement agencies, as well as defense counsel's alleged failure to file appropriate motions and cross-examine certain witnesses in accordance with defendant's wishes, and the frequent arguments between defendant and defense counsel.  "At most, defendant's allegations evinced disagreements with counsel over strategy . . . , which were not sufficient grounds for substitution" (*People v Agard*, 107 AD3d 613, 613, *lv denied* 21 NY3d 1039; *see Linares*, 2 NY3d at 511; *Medina*, 44 NY2d at 209).

Defendant further contends that he was denied effective assistance of counsel based on various errors made by defense counsel. With respect to defendant's contention that defense counsel failed to move to suppress certain items seized from the former marital residence, we note that defendant was barred from the premises by an order of protection "and thus had neither a legitimate expectation of privacy therein nor standing to challenge the police entry into the house" (*People v Robinson*, 205 AD2d 836, 837, *lv denied* 84 NY2d 831). "Given that the governing law was unfavorable, we cannot say on this record that the failure to make [that suppression motion] rendered counsel's otherwise competent performance constitutionally deficient" (*People v Brunner*, 16 NY3d 820, 821).  Defendant's remaining "alleged instances of ineffective assistance concerning defense counsel's failure to make various objections [or certain motions or requests] 'are based largely on [defendant's] hindsight disagreements with defense counsel's trial strategies, and defendant failed to meet his burden of establishing the absence of any legitimate explanations for those strategies' " (*People v Douglas*, 60 AD3d 1377, 1377, *lv denied* 12 NY3d 914; *see People v Lane*, 106 AD3d 1478, 1480, *lv denied* 21 NY3d 1043; *People v Stepney*, 93 AD3d 1297, 1298, *lv denied* 19 NY3d 968). Viewing the evidence, the law, and the circumstances of this case in totality and at the time of representation, we conclude that defendant received effective assistance of counsel (*see generally People v Baldi*, 54 NY2d 137, 147).

Contrary to defendant's further contention, the court properly granted the prosecutor's *Ventimiglia/Molineux* application, thereby permitting the People to introduce evidence that defendant had previously threatened to kill the victim, that the victim planned to enforce the order of protection that had been issued against defendant, and that defendant had engaged in assaultive conduct toward the victim in the past.  The evidence was admissible because it tended

to prove defendant's intent and the absence of mistake or accident, and its probative value outweighed its potential for prejudice (*see People v Alvino*, 71 NY2d 233, 242; *People v Siplin*, 66 AD3d 1416, 1417, *lv denied* 13 NY3d 942; *People v Gonzalez*, 62 AD3d 1263, 1265, *lv denied* 12 NY3d 925).  The evidence also established the victim's state of mind (*see People v Gorham*, 17 AD3d 858, 860-861; *People v McClain*, 250 AD2d 871, 872, *lv denied* 92 NY2d 901; *see generally People v Cook*, 93 NY2d 840, 841), which tended to disprove the defense advanced at trial that the victim was accidentally injured while riding an ATV with defendant.

Defendant failed to preserve for our review his contention that the conviction is not supported by legally sufficient evidence because he failed to renew his motion for a trial order of dismissal after presenting evidence (*see People v Lane*, 7 NY3d 888, 889; *People v Hines*, 97 NY2d 56, 61, *rearg denied* 97 NY2d 678).  In any event, viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that the conviction is supported by legally sufficient evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is against the weight of the evidence only with respect to the crime of tampering with physical evidence (*see generally Bleakley*, 69 NY2d at 495).  We therefore modify the judgment accordingly.  The record establishes that, after the other crimes in the indictment had been committed, defendant may have cleaned part of the scene of the crime.  Inasmuch as that is the only evidence that relates to the tampering charge, we conclude that it was unreasonable for the jury to conclude, as was charged in the indictment, that the People established beyond a reasonable doubt that defendant, "believing that certain physical evidence was to be produced or used in a prospective official proceeding and intending to prevent such production or use, . . . suppressed [that property] by an act of concealment, alteration or destruction" (*cf. People v Porpiglia*, 215 AD2d 784, 784-785, *lv denied* 86 NY2d 800).

Defendant failed to preserve for our review his contention that remarks made by the prosecutor during summation constituted prosecutorial misconduct that deprived him of a fair trial (*see People v Stanley*, 108 AD3d 1129, 1131, *lv denied* 22 NY3d 959), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

The sentence is not unduly harsh or severe.  We note, however, that a discrepancy between the sentencing minutes and the certificate of conviction requires vacatur of the sentences imposed on the remaining counts.  Although the sentencing minutes indicate that the sentence imposed on count two is to run consecutively to the sentences imposed on counts three through five, the minutes are silent with respect to whether the sentence imposed on count two is to run consecutively or concurrently to the sentence imposed on count one.

Thus, by operation of law, those sentences shall run concurrently (*see* Penal Law § 70.25 [1] [a]). The certificate of conviction, however, indicates that the sentences imposed on counts one and two are to run consecutively. Inasmuch as the record leaves open the possibility that the court's failure to specify at sentencing that those sentences are to run consecutively was accidental (*cf. People v Vasquez*, 88 NY2d 561, 580-581), we further modify the judgment by vacating the sentences imposed on the remaining counts, and we remit the matter to County Court for resentencing on those counts (*see People v Jacobson*, 60 AD3d 1326, 1329, *lv denied* 12 NY3d 916; *People v Sinkler*, 288 AD2d 844, 845, *lv denied* 97 NY2d 761).

Entered: June 13, 2014

Frances E. Cafarell
Clerk of the Court