■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT FLEMING, Appellant. [35 NYS3d 326]—

Judgment, Supreme Court, Bronx County (Margaret L. Clancy, J.), rendered September 4, 2013, convicting defendant, after a jury trial, of two counts of murder in the second degree, and sentencing him to consecutive terms of 25 years to life, unanimously affirmed.

After a thorough evidentiary hearing, the court properly denied defendant's motion to dismiss the indictment on the ground of preindictment delay (*see People v Singer*, 44 NY2d 241 [1978]; *People v Taranovich*, 37 NY2d 442, 445 [1975]; *see also United States v Lovasco*, 431 US 783, 790 [1977]). The People established good cause for the 5½-year delay between May 2003, when DNA evidence collected from the victims matched defendant's DNA profile, and January 2009, when he was indicted (*see People v Decker*, 13 NY3d 12, 14 [2009]). In the intervening years, the prosecution had sought to obtain evidence to strengthen their case, which was based on circumstantial evidence, and the investigative delays were satisfactorily explained (*see id.*; *People v Nazario*, 85 AD3d 577 [1st Dept

2011], *lv denied* 17 NY3d 904 [2011]). Furthermore, the resulting prejudice, if any, was minimal. While one potential witness, of questionable reliability, told police that two other men had committed the crimes, and that witness died during the period of delay at issue, the jury nevertheless heard testimony that one of those men had been arrested early in the case. Moreover, "a determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant" (*People v Vernace*, 96 NY2d 886, 888 [2001]).

The court properly exercised its discretion in denying, on the ground of lack of sufficient indicia of reliability, defendant's motion to admit hearsay evidence of third-party culpability (*see Chambers v Mississippi*, 410 US 284 [1973]; *People v Robinson*, 89 NY2d 648, 654 [1997]; *see also People v Burns*, 6 NY3d 793 [2006]). The declarant, the above-discussed man who died during the pendency of the investigation, contradicted himself in numerous statements, including regarding whether he was present at the time of the crime, how he came to be present, whether one the purported real perpetrators had threatened him, and even whether the victims were dead or alive when he left the apartment. Moreover, other evidence in the case directly undermined the reliability of his statements. In particular, blood samples taken from the declarant and the two men the declarant said had committed the crimes excluded the two men as well as the declarant himself as contributors to forensic evidence at the crime scene, suggesting that none of the three were present (*see People v Coleman*, 69 AD3d 430, 431 [1st Dept 2010], *lv denied* 15 NY3d 748 [2010]).

The verdict was supported by legally sufficient evidence, and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The record establishes the reliability of the DNA evidence, and there is no reasonable explanation, under all the circumstances of the case, for the presence of defendant's DNA in the victims' bodies other than defendant's guilt of both sexually assaulting and strangling the victims.

The record fails to support defendant's claim that the court coerced him to withdraw his application to proceed pro se. First, there was nothing improper about the court's decision to order a second competency examination. Defendant agreed to the reexamination, and in any event, given defendant's history of mental health issues, the court providently exercised its discretion in ordering new CPL article 730 proceedings to ensure that any waiver of the right to counsel would be know-

ing, voluntary, and intelligent (*see People v Stone*, 22 NY3d 520, 526-527 [2014]). Second, by fulfilling its obligation to undertake a searching inquiry regarding defendant's waiver of his right to counsel, which included warning defendant of the dangers and disadvantages of proceeding pro se (*see People v Crampe*, 17 NY3d 469, 484 [2011]), the court did not coerce defendant into withdrawing the application (*see People v Agard*, 107 AD3d 613 [1st Dept 2013], *lv denied* 21 NY3d 1039 [2013]). As for defendant's subsequent, midtrial request to represent himself, the court properly denied it as untimely, and defendant failed to cite any compelling circumstances for the request (*see People v McIntyre*, 36 NY2d 10, 17 [1974]). Concur—Sweeny, J.P., Acosta, Feinman, Kapnick and Kahn, JJ.