People v Chess (2018 NY Slip Op 04222)





People v Chess


2018 NY Slip Op 04222


Decided on June 8, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 8, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


728 KA 14-00501

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL T. CHESS, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID R. JUERGENS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 11, 2013. The judgment convicted defendant, upon a jury verdict, of rape in the first degree (three counts) and robbery in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of three counts of rape in the first degree (Penal Law § 130.35 [1]) and robbery in the first degree (§ 160.15 [3]) and, in appeal No. 2, defendant appeals from a judgment convicting him upon the same jury verdict of two counts of rape in the first degree (§ 130.35 [1]), menacing in the second degree (§ 120.14 [1]), and two counts of petit larceny (§ 155.25). We note at the outset that defendant's contentions apply to both appeals unless specified otherwise herein. We reject defendant's contention that Supreme Court abused its discretion in refusing to recuse itself (see People v Hazzard, 129 AD3d 1598, 1598 [4th Dept 2015], lv denied 26 NY3d 968 [2015]). Where, as here, "recusal is sought based upon impropriety as distinguished from legal disqualification, the judge . . . is the sole arbiter' " of whether to grant such a motion (People v Moreno, 70 NY2d 403, 406 [1987]). Here, defendant made no showing that the court displayed actual bias in its evidentiary rulings (see People v McCray, 121 AD3d 1549, 1551 [4th Dept 2014], lv denied 25 NY3d 1204 [2015]). We further reject defendant's contention that the court's remarks during the first trial, which ended in a mistrial, were indicative of bias against defendant that carried over to the second trial (see generally People v Walker, 100 AD3d 1522, 1523 [4th Dept 2012], lv denied 20 NY3d 1104 [2013]).
Defendant next contends that the court abused its discretion in denying his requests for substitution of counsel. We reject that contention. The determination "[w]hether counsel is substituted is within the discretion and responsibility' of the trial judge . . . , and a court's duty to consider such a motion is invoked only where a defendant makes a seemingly serious request[]' " (People v Porto, 16 NY3d 93, 99-100 [2010]; see People v Dodson, 30 NY3d 1041, 1042 [2017]). Defendant's first request for new counsel was based on broad complaints that were insufficient to trigger the court's duty to inquire (see People v Jones, 149 AD3d 1576, 1577-1578 [4th Dept 2017], lv denied 29 NY3d 1129 [2017]; People v Correa, 145 AD3d 1640, 1640-1641 [4th Dept 2016]). In any event, we conclude that the court conducted the requisite "minimal inquiry" to determine whether substitution of counsel was warranted (People v Sides, 75 NY2d 822, 825 [1990]). The court "allowed defendant to air his concerns about defense counsel, and . . . reasonably concluded that defendant's vague and generic objections had no merit or substance" (People v Linares, 2 NY3d 507, 511 [2004]), and "properly concluded that defense counsel was reasonably likely to afford . . . defendant effective assistance' of counsel" (People v Bradford, 118 AD3d 1254, 1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). Defendant's second and third requests for new counsel " [a]t most, . . . evinced disagreements [*2]with counsel over strategy . . . , which were not sufficient grounds for substitution' " (Bradford, 118 AD3d at 1255; see People v Jones, 107 AD3d 1584, 1585 [4th Dept 2013], lv denied 22 NY3d 1088 [2014], reconsideration denied 23 NY3d 1021 [2014]). For example, defendant complained that defense counsel failed to make a bail application, despite the fact that defendant committed many of the crimes charged in appeal No. 2 when he was out on bail while a retrial was pending for the charges in appeal No. 1. The court noted that it told counsel and defendant many times that any bail application would have been futile.
We reject defendant's contention that the court erred in permitting him to proceed pro se at the start of the second trial. In order for a defendant's waiver of the right to counsel to be knowing, voluntary, and intelligent, the court must "undertake a searching inquiry designed to insur[e] that the defendant [is] aware of the dangers and disadvantages of proceeding without counsel" (People v Crampe, 17 NY3d 469, 481 [2011] [internal quotation marks omitted]), and we conclude that the court conducted that inquiry before determining that the waiver was knowing, voluntary, and intelligent. Contrary to defendant's contention, his request to proceed pro se was not equivocal simply because it was "preceded by an unsuccessful request for new counsel" (People v Lewis, 114 AD3d 402, 404 [1st Dept 2014]; see People v Malone, 119 AD3d 1352, 1354 [4th Dept 2014], lv denied 24 NY3d 1003 [2014]). We reject defendant's further contention that the court erred in failing to grant him an adjournment to give him more time to prepare for the trial (see People v Hickman, 177 AD2d 739, 739 [3d Dept 1991], lv denied 79 NY2d 920 [1992]).
Contrary to defendant's contention, the court properly admitted evidence of certain alleged bad acts by defendant that were relevant to his intent to commit the crimes herein (see generally People v Cass, 18 NY3d 553, 561-562 [2012]). Defendant's contention that the court should have limited the Molineux evidence to the crimes charged in appeal No. 1 is not preserved for our review (see generally People v Williams, 107 AD3d 1516, 1516 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]), as is his contention that the court failed to issue an order on the People's motion for consolidation, and we decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Contrary to defendant's contention, the court's failure to issue an order on the consolidation motion does not constitute a mode of proceedings error (see generally People v Thomas, 28 AD3d 239, 239 [1st Dept 2006], lv denied 6 NY3d 898 [2006]; People v Olds, 269 AD2d 849, 849 [4th Dept 2000]).
We reject defendant's contention that the court abused its discretion in denying his motion for a mistrial after a sworn juror was removed, upon defendant's consent, as grossly unqualified. Although the court was incorrect in believing that granting the motion would have led to the application of double jeopardy (see People v Ferguson, 67 NY2d 383, 388 [1986]), we reject defendant's contention that this was the court's sole ground for denying the motion. Rather, the record establishes that the court properly concluded that there was no basis for a mistrial inasmuch as the trial could proceed with just one alternate juror (see CPL 270.30 [1]; People v Ashley, 145 AD2d 782, 783 [3d Dept 1988]).
Defendant contends that the court erred in sua sponte exercising a peremptory challenge on defendant's behalf to excuse a prospective juror. Upon our review of the record, we conclude that defendant, who was proceeding pro se at the time, in fact impliedly requested that challenge after consulting with standby counsel. We reject defendant's further contention that the court abused its discretion in sua sponte excusing a juror for cause. The court's questions showed that the prospective juror had "a state of mind that [was] likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]; see People v Vargas, 88 NY2d 363, 379 [1996]).
With respect to appeal No. 1, we reject defendant's contention that the court erred in failing to suppress his statements to a police officer. We agree with the court that defendant was not in custody where, as here, he was not handcuffed, he agreed to sit in the back of the police vehicle, and the investigatory questioning was brief (see People v Davis, 229 AD2d 969, 969-970 [4th Dept 1996], lv denied 88 NY2d 1020 [1996]). With respect to appeal No. 2, we reject defendant's contention that the conviction of one of the two counts of both rape in the first degree and petit larceny is not supported by legally sufficient evidence (see People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of those [*3]crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict in appeal No. 2 is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Finally, we conclude that the sentence in each appeal is not unduly harsh or severe.
Entered: June 8, 2018
Mark W. Bennett
Clerk of the Court