People v Simpson (2019 NY Slip Op 04538)





People v Simpson


2019 NY Slip Op 04538


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


77 KA 15-01278

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
BREANNA L. SIMPSON, DEFENDANT-APPELLANT. 






D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.
BREANNA L. SIMPSON, DEFENDANT-APPELLANT PRO SE.
KRISTYNA S. MILLS, DISTRICT ATTORNEY, WATERTOWN, FOR RESPONDENT. 


 Appeal from a judgment of the Jefferson County Court (Kim H. Martusewicz, J.), rendered May 29, 2015. The judgment convicted defendant, upon a jury verdict, of manslaughter in the first degree, criminal possession of a weapon in the third degree and assault in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reducing the sentence imposed on count two of the indictment to an indeterminate term of 2&frac13; to 7 years' imprisonment and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her, upon a jury verdict, of manslaughter in the first degree (Penal Law
§ 125.20 [1]), assault in the first degree (§ 120.10 [1]), and criminal possession of a weapon (CPW) in the third degree (§ 265.02 [1]). The conviction arises from defendant's fatal stabbing of her fiancé in their apartment. At trial, defendant conceded that she caused the victim's death, but she argued that the stabbing occurred accidentally during an argument. Notably, defendant did not present a justification defense, and she neither sought nor received a justification instruction.
We reject defendant's contentions in her main and pro se supplemental briefs that the conviction of manslaughter in the first degree and assault in the first degree is not supported by legally sufficient evidence and that the verdict on those crimes is against the weight of the evidence with respect to the element of intent to seriously injure (see generally People v Sanchez, 32 NY3d 1021, 1022-1023 [2018]; People v Bleakley, 69 NY2d 490, 495 [1987]). " A jury is entitled to infer that a defendant intended the natural and probable consequences of his [or her] acts' " (People v Barboni, 21 NY3d 393, 405 [2013]) and, here, the natural and probable consequence of defendant's conduct in thrusting a knife four inches into the victim's torso is, at a minimum, serious physical injury (see People v Fitzrandolph, 162 AD3d 1537, 1537-1538 [4th Dept 2018], lv denied 32 NY3d 937 [2018], reconsideration denied 32 NY3d 1111 [2018]; People v Madore, 145 AD3d 1440, 1442 [4th Dept 2016], lv denied 29 NY3d 1034 [2017]; People v Tigner, 51 AD3d 1045, 1045 [2d Dept 2008], lv denied 13 NY3d 863 [2009], reconsideration denied 14 NY3d 806 [2010]). We therefore conclude that the evidence is legally sufficient to sustain the conviction of manslaughter and assault inasmuch as there is a "valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial" (Bleakley, 69 NY2d at 495). Additionally, viewing the evidence in light of the contested element of intent as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that "an acquittal [on those crimes] would have been unreasonable . . . , and thus the [*2]verdict [thereon] is not against the weight of the evidence" (People v Weezorak, 134 AD3d 1590, 1590 [4th Dept 2015], lv denied 27 NY3d 970 [2016]). The record refutes any fair inference that the victim accidentally fell upwards onto the knife in defendant's hand, and defendant's decision following the stabbing to forgo calling 911 until after she had cleaned up the crime scene undermines her claim of accident beyond any reasonable doubt. Given that the defense of justification was not submitted to the jury, defendant's assertion that the verdict is against the weight of the evidence because her conduct was justified lacks merit (see People v Mahon, 160 AD3d 563, 563 [1st Dept 2018], lv denied 31 NY3d 1119 [2018]). In light of our determination, we reject defendant's further contentions in her main and pro se supplemental briefs that the conviction of CPW in the third degree is not supported by legally sufficient evidence and that the verdict on that count is against the weight of the evidence inasmuch as the success of those contentions "depends on the success of" her challenge to the manslaughter and assault convictions (People v McLaurin, 260 AD2d 944, 945 [3d Dept 1999], lv denied 93 NY2d 1022 [1999]; see People v Graves, 163 AD3d 16, 19 n 1 [4th Dept 2018]).
Defendant next contends in her main and pro se supplemental briefs that her statements to the police were involuntary and should have been suppressed because she was suffering from a "panic attack, intoxication, tiredness, and questionable mental health." Because defendant failed to raise that specific contention at the suppression hearing or in her motion papers, however, it is unpreserved for appellate review (see People v Turriago, 90 NY2d 77, 84 [1997], rearg denied 90 NY2d 936 [1997]; People v Brown, 120 AD3d 954, 955 [4th Dept 2014], lv denied 24 NY3d 1118 [2015]; People v Carlson, 277 AD2d 158, 159 [1st Dept 2000], lv denied 96 NY2d 733 [2001]), and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see generally CPL 470.15 [3] [c]).
Defendant's challenge in her main brief to County Court's failure to remove juror number 10 for implied bias is unpreserved because she did not seek to remove that juror either for cause or peremptorily (see People v Bradford, 118 AD3d 1254, 1254-1255 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]). We decline to exercise our power to review the issue as a matter of discretion in the interest of justice (see generally CPL 470.15 [6] [a]).
Contrary to defendant's further contention in her main and pro se supplemental briefs, the court properly admitted Molineux evidence regarding her prior assault conviction for stabbing the victim in a recent unrelated incident. That evidence was highly relevant to rebut defendant's accident defense (see People v D'Andrea, 187 AD2d 753, 753-754 [3d Dept 1992], lv denied 81 NY2d 884 [1993]), and its probity outweighed its prejudicial effect (see People v Lawrence, 4 AD3d 436, 436-437 [2d Dept 2004], lv denied 2 NY3d 802 [2004]; see also People v Murray, 155 AD3d 1106, 1111 [3d Dept 2017], lv denied 31 NY3d 1015 [2018]; People v Walker, 293 AD2d 411, 411-412 [1st Dept 2002], lv denied 98 NY2d 682 [2002]). People v Bradley (20 NY3d 128, 130-131 [2012]), upon which defendant relies, is distinguishable because the defendant in that case was not claiming that the charged stabbing was accidental.
In her main brief, defendant raises six grounds for her contention that defense counsel rendered ineffective assistance at trial. We reject each ground and conclude that defense counsel, who secured defendant's acquittal on the top count of the indictment, provided meaningful representation (see generally People v Gross, 26 NY3d 689, 693-696 [2016]). We address each of defendant's six grounds in turn.
Defendant's assertion that defense counsel was ineffective for failing to craft a successful motion for public funds to retain a forensic pathologist lacks merit because defendant failed to establish that a successful motion for such funds could have been made under these circumstances (see People v Larkins, 153 AD3d 1584, 1586 [4th Dept 2017], lv denied 30 NY3d 1061 [2017]; see also Bradford, 118 AD3d at 1255-1256). We reject defendant's contention that defense counsel was ineffective for "failing to preserve [defendant's] losing legal sufficiency claims" (Graves, 163 AD3d at 23 n 5) and for failing to challenge juror number 10, who, like defendant, had a troubled family history and thus might have been sympathetic to the defense (see People v Thompson, 21 NY3d 555, 558 [2013]). We reject defendant's [*3]contention that defense counsel was ineffective for failing to call a particular doctor to present a defense based upon battered woman's syndrome inasmuch as that doctor's written report did not diagnose defendant with battered woman's syndrome; in fact, the report reached many conclusions that were damaging to the defense, and it thus cannot be said that defense counsel had no legitimate strategic reason for failing to call that doctor on defendant's behalf (see People v Ross, 118 AD3d 1413, 1416 [4th Dept 2014], lv denied 24 NY3d 964 [2014]; People v Muller, 57 AD3d 1113, 1114-1115 [3d Dept 2008], lv denied 12 NY3d 761 [2009]). Defendant's complaint about defense counsel's performance during opening and closing arguments "merely amounts to a second-guessing of counsel's trial strategy and does not establish ineffectiveness" (People v Burgos, 259 AD2d 266, 267 [1st Dept 1999], lv denied 93 NY2d 923 [1999]; see People v Devictor-Lopez, 155 AD3d 1434, 1438 [3d Dept 2017]).
Defendant's remaining allegation of ineffective assistance of counsel is that defense counsel failed to "speak on [her] behalf[] on the Record" at sentencing. It is undisputed, however, that defense counsel made a sentencing argument in chambers, the content of which does not appear in the record. Thus, because that particular allegation involves matters outside the record on appeal, it must be raised in a motion pursuant to CPL 440.10 (see People v McCray, 165 AD3d 595, 597 [1st Dept 2018], lv denied 32 NY3d 1175 [2019]).
We note, however, that the court imposed an illegal sentence of 3½ to 7 years' imprisonment on defendant's conviction for CPW in the third degree. Because defendant was not sentenced as a predicate felon, the minimum period of her indeterminate sentence on this conviction must be one-third of the maximum period, not one-half as fixed by the court (see Penal Law § 70.00 [3] [b]). "Although the issue is not raised by either party, we cannot allow an illegal sentence to stand" (People v Considine, 167 AD3d 1554, 1555 [4th Dept 2018]). We therefore modify the judgment by reducing defendant's sentence on that count to an indeterminate term of 2&frac13; to 7 years' imprisonment (see People v Mc Farland, 306 AD2d 931, 931 [4th Dept 2003]; see generally People v LaSalle, 95 NY2d 827, 829 [2000]). As so modified, the sentence is not unduly harsh or severe.
Defendant's remaining contentions in her main and pro se supplemental briefs are meritless. The uniform sentence and commitment form, however, must be corrected in three respects (see generally People v Cutaia, 167 AD3d 1534, 1536 [4th Dept 2018], lv denied 33 NY3d 947 [2019]). First, the form must be amended to state that the indictment charged defendant with assault in the first degree under Penal Law § 120.10 (1), not section 120.10 (2). Second, the form must be amended to state that defendant was convicted of manslaughter in the first degree under section 125.20 (1), not section 125.50. Finally, the form must be amended to state that defendant was convicted upon a jury verdict, not upon her plea of guilty.
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court