People v Wagoner (2021 NY Slip Op 03981)





People v Wagoner


2021 NY Slip Op 03981


Decided on June 17, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, CURRAN, WINSLOW, AND DEJOSEPH, JJ.


1180 KA 16-02366

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
TINA L. WAGONER, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (MICHAEL S. DEAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
TINA L. WAGONER, DEFENDANT-APPELLANT PRO SE.
LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT. 


 Appeal from a judgment of the Cattaraugus County Court (Ronald D. Ploetz, J.), rendered August 3, 2016. The judgment convicted defendant upon a jury verdict of rape in the first degree, attempted rape in the first degree and promoting prostitution in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the facts and as a matter of discretion in the interest of justice by reversing those parts convicting defendant of rape in the first degree under count one of the indictment and promoting prostitution in the second degree under count two of the indictment and dismissing those counts of the indictment, and by reducing the sentence imposed for attempted rape in the first degree under count five of the indictment to a determinate term of incarceration of 12 years with a five-year period of postrelease supervision, reducing the sentence imposed for promoting prostitution in the second degree under count six (mislabeled "second count") of the indictment to an indeterminate term of incarceration of 3 to 12 years, and directing that those sentences run concurrently with one another, and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her following a jury trial of rape in the first degree (Penal Law § 130.35 [4]), attempted rape in the first degree (§§ 110.00, 130.35 [4]), and two counts of promoting prostitution in the second degree (§ 230.30 [2]) related to allegations that she aided and abetted two men in the rape and attempted rape of a female under the age of 13 in exchange for alcohol and drugs. Although the offenses occurred in 2012 or before, defendant was not indicted until February 2015. Contrary to defendant's contention in her main brief, she was not denied due process by the preindictment delay. To determine whether there has been undue delay in prosecution, courts will consider "(1) the extent of the delay; (2) the reason for the delay; (3) the nature of the underlying charge; (4) whether or not there has been an extended period of pretrial incarceration; and (5) whether or not there is any indication that the defense has been impaired by reason of the delay" (People v Taranovich, 37 NY2d 442, 445 [1975]; see People v Decker, 13 NY3d 12, 15 [2009]). " '[A] determination made in good faith to delay prosecution for sufficient reasons will not deprive defendant of due process even though there may be some prejudice to defendant' " (Decker, 13 NY3d at 14).
Here, although the charges were serious, defendant was not incarcerated pending trial, and the delay was occasioned by circumstances related to the vulnerable victim. The victim was only 12 years old at the time of the last offense, yet she had never attended school. She had significant educational delays and did not initially disclose defendant's involvement in the underlying sexual offenses (see People v McNeill, 204 AD2d 975, 975-976 [4th Dept 1994], lv denied 84 NY2d 829 [1994]). Although defendant points to the death of two material witnesses as a source of prejudice, she did not make that argument before County Court and, as a result, [*2]that contention is not preserved for our review (see People v Pacheco, 38 AD3d 686, 687 [2d Dept 2007], lv denied 9 NY3d 849 [2007]; see generally CPL 470.05 [2]). In any event, the resulting prejudice was minimal and does not outweigh the good-faith determination to delay prosecution (see People v Fleming, 141 AD3d 408, 409 [1st Dept 2016], lv denied 28 NY3d 1027 [2016], reconsideration denied 28 NY3d 1124 [2016]; People v Rogers, 103 AD3d 1150, 1151 [4th Dept 2013], lv denied 21 NY3d 946 [2013]; see generally People v Johnson, 134 AD3d 1388, 1390 [4th Dept 2015], affd 28 NY3d 1048 [2016]).
Defendant further contends in her main brief that she was denied due process because she was not present during conferences where CPL article 730 competency proceedings were discussed. We reject that contention inasmuch as such conferences are not material stages of the trial where, as here, the conferences do not "entail a hearing or any significant factual inquiry" (People v Kimes, 37 AD3d 1, 31 [1st Dept 2006], lv denied 8 NY3d 881 [2007], reconsideration denied 9 NY3d 846 [2007]; see People v Chisolm, 85 NY2d 945, 948 [1995]). We further conclude, contrary to defendant's contention, that she was not denied due process by the absence of those proceedings from the record. The reports prepared by two psychiatric examiners, which were provided to this Court, conclude that defendant was not incapacitated (see CPL 730.30 [2]) and, in light of those reports, the court did not abuse its discretion in failing to order a hearing on its own motion (see People v Singleton, 78 AD3d 1490, 1490 [4th Dept 2010], lv denied 16 NY3d 837 [2011]; People v Horan, 290 AD2d 880, 882-883 [3d Dept 2002], lv denied 98 NY2d 638 [2002]; see generally People v Armlin, 37 NY2d 167, 171 [1975]). With respect to defendant's final contention related to CPL article 730, we conclude that the psychiatric examiners' reports complied with the statute by including the examiners' opinions that defendant was not an incapacitated person and was able to participate in her defense and by stating the nature and extent of the examination that was conducted (see CPL 730.10 [8]; People v Vega, 167 AD3d 1468, 1469 [4th Dept 2018], lv denied 33 NY3d 955 [2019]; cf. People v Meurer, 184 AD2d 1067, 1068 [4th Dept 1992], lv dismissed 80 NY2d 835 [1992], lv denied 80 NY2d 907 [1992]).
Before trial, defendant expressed a desire to represent herself. She now contends in her main brief that her decision to represent herself was not made knowingly, intelligently or voluntarily, and that she was denied due process because her self-representation resulted in a travesty of justice. In her pro se supplemental brief, defendant further contends that she was forced to represent herself due to the court's failure to inquire into her many complaints against defense counsel. We reject those contentions. Addressing first the contentions in her main brief, we conclude that the court "undertook the requisite searching inquiry into defendant's age, education and familiarity with the legal system before accepting defendant's decision to proceed pro se[, and] the court and defense counsel warned defendant of the risks associated with proceeding pro se" (People v Clark, 42 AD3d 957, 957-958 [4th Dept 2007], lv denied 9 NY3d 960 [2007]; see People v Providence, 2 NY3d 579, 582-583 [2004]). The court thus ensured that defendant's decision was made knowingly, voluntarily and intelligently. Moreover, although there were deficiencies in defendant's performance, we do not believe that "the proceedings resulted in a 'travesty of justice' such that [defendant] was denied [her] right to due process" (People v Herman, 78 AD3d 1686, 1687 [4th Dept 2010], lv denied 16 NY3d 831 [2011]; see generally People v McIntyre, 36 NY2d 10, 18 [1974]).
Addressing next the contention raised in the pro se supplemental brief, we conclude that the court did not abuse its discretion in allowing defendant to represent herself despite her issues with defense counsel. Contrary to defendant's contention, the court "afforded defendant the opportunity to express [her] objections concerning defense counsel, and . . . thereafter reasonably concluded that defendant's objections were without merit" (People v Bethany, 144 AD3d 1666, 1669 [4th Dept 2016], lv denied 29 NY3d 996 [2017], cert denied — US &mdash, 138 S Ct 1571 [2018]; see People v Spencer, 185 AD3d 1440, 1441 [4th Dept 2020]; see generally People v Porto, 16 NY3d 93, 99-100 [2010]).
Defendant contends in her main brief that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. Assuming, arguendo, that defendant preserved her challenge to the sufficiency of the evidence (see generally People v Gray, 86 NY2d 10, 19 [1995]), we reject her contention. Defendant admitted "selling [the victim]" to the men named in the indictment, as well as to numerous other people. The victim testified that the two men named in the counts of the indictment of which defendant was [*3]convicted committed the alleged sexual offenses against her in defendant's home, where the victim was then residing, after they brought defendant alcohol or drugs. Moreover, both men pleaded guilty to offenses related to their interactions with the victim. We thus conclude, contrary to defendant's contention in her pro se supplemental brief, that her confession was sufficiently corroborated (see CPL 60.50; People v Daniels, 37 NY2d 624, 629 [1975]), as was the testimony of the men implicated in the crimes (see CPL 60.22 [1]; People v Reome, 15 NY3d 188, 192 [2010]). Upon viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we further conclude that the evidence is legally sufficient to support the conviction of each offense (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We reach a different conclusion on the weight of the evidence insofar as it concerns counts one and two of the indictment, which charged defendant with rape in the first degree and promoting prostitution in the second degree. The man at issue in those counts testified for the prosecution and denied having sexual contact with the victim. He further testified that, on the night of the alleged incident, he provided marihuana to defendant, who then left the residence while he remained there to play video games. Despite any conduct that may have occurred between him and the victim, that man testified on cross-examination that defendant "never sold [the victim] to him." The victim also testified several times that she did not believe that defendant knew what that man was doing to her on the night he raped her.
The victim testified that the man at issue in counts one and two of the indictment gave defendant alcohol, "knowing that she won't [sic] know what's going on, so he could take advantage of me." Although that man was named in defendant's "confession," that confession is of questionable value inasmuch as it also names the female who called the police to report the crimes at issue in counts five and six. Viewing the evidence in light of the elements of count one and count two as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict with respect to those two counts is against the weight of the evidence (see generally Bleakley, 69 NY2d at 495). We therefore modify the judgment by reversing the parts convicting defendant of rape in the first degree under count one of the indictment and promoting prostitution in the second degree under count two of the indictment and dismissing those counts of the indictment.
We reach a different conclusion with respect to counts five and six of the indictment, which charged defendant with attempted rape in the first degree and promoting prostitution in the second degree. In contrast to her testimony related to counts one and two, the victim specifically testified that the man at issue in those counts gave defendant alcohol, in part, "to have sex with [the victim]." Due to his own intoxication, that man was unable to commit the actual rape. In addition, the victim testified that the man's then-girlfriend came to defendant's home on the night in question and, when defendant answered the door, she indicated that the man was in the bedroom with the victim. The girlfriend entered the bedroom and observed the man, naked from the waist down, in bed with the victim, who was wearing only a nightgown. That man testified for the defense and, although he denied all of the allegations and contended that he was in the bed sleeping due to his intoxication, he nevertheless admitted that he pleaded guilty to endangering the welfare of a child in relation to the allegations. Viewing the much more damaging evidence related to counts five and six in light of the elements of those two crimes as charged to the jury (see Danielson, 9 NY3d at 349), we conclude that the verdict on those two counts is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant's contention in her main brief that she was denied a fair trial due to prosecutorial misconduct on summation is not preserved for our review (see People v Green, 141 AD3d 1036, 1042 [3d Dept 2016], lv denied 28 NY3d 1072 [2016]). In any event, in our view, most of the alleged instances of misconduct were fair comment on the evidence and fair response to defense counsel's summation (see People v Young, 153 AD3d 1618, 1620 [4th Dept 2017], lv denied 30 NY3d 1065 [2017], reconsideration denied 31 NY3d 1123 [2018], cert denied — US &mdash, 139 S Ct 84 [2018]) and, to the extent that the prosecutor made inappropriate remarks, we conclude that they were "not so pervasive or egregious as to deny defendant a fair trial" (id.; see People v Fick, 167 AD3d 1484, 1485-1486 [4th Dept 2018], lv denied 33 NY3d 948 [2019]).
Defendant's final contention in her main brief is that the sentence is unduly harsh and severe. Upon her conviction of all four counts, defendant was sentenced to concurrent and [*4]consecutive terms of incarceration that aggregated to a determinate term of 35 years. Based on our determination to dismiss counts one and two of the indictment as against the weight of the evidence, the sentence would be reduced to a determinate term of incarceration of 15 years on count five, for attempted rape in the first degree, with a concurrent indeterminate term of incarceration of 5 to 15 years on count six, for promoting prostitution in the second degree. Even as reduced by our determination to modify the judgment by reversing those parts convicting defendant under counts one and two of the indictment, we conclude, after considering the sentences imposed on the men involved in the charged crimes, that the sentence is unduly harsh and severe, and we therefore exercise our discretion to further modify the judgment by reducing the sentence imposed on count five to a determinate term of incarceration of 12 years with five years of postrelease supervision, reducing the sentence imposed on count six to an indeterminate term of incarceration of 3 to 12 years, and directing that those sentences run concurrently with each other (see generally CPL 470.15 [6] [b]; People v Delgado, 80 NY2d 780, 783 [1992]).
We have reviewed the remaining contentions in defendant's pro se supplemental brief and conclude that they do not warrant reversal or further modification of the judgment.
Entered: June 17, 2021
Mark W. Bennett
Clerk of the Court